OPINION OF THE COURT
Michael J. Miller, J.
In this proceeding under article 8 of the Family Court Act, petitioner, Gina C., seeks an order of protection against respondent, Stephen F. Petitioner is not married or otherwise related to respondent. Nor do petitioner and respondent share the same household. Petitioner alleges, however, that she is pregnant and respondent is the father of her unborn child. *460 Petitioner argues that the court has jurisdiction in this matter because of the unborn child.
The issue presented in this proceeding is whether petitioner’s unborn child is a "child” within the meaning of article 8 for the purpose of conferring jurisdiction on Family Court. The court holds that it is not. Ms. C.’s petition is dismissed because the court lacks jurisdiction to entertain her request for an order of protection.
Section 812 of the Family Court Act confers jurisdiction for family offense proceedings on the Family Court only in situations where the parties have relationships as defined by the statute. Petitioner and respondent do not fall into any of these relationships unless it can be said that they have a child in common. (Family Ct Act § 812.)
A child is defined as "a person actually or apparently under the age of eighteen years”. (Social Services Law § 371 [1].) Further, section 512 (b) of the Family Court Act relating to paternity proceedings states that "[t]he word 'child’ refers to a child bom out of wedlock.” (Emphasis added.) Thus, the unborn child carried by petitioner does not confer article 8 jurisdiction on the court.
Article 8 proceedings were designed by the Legislature to protect family members or those people who have a specific familial relationship from domestic violence. These proceedings and the relief they provide are purely statutory and must be strictly construed by the court. The Legislature unfortunately has not extended article 8 protection to situations where the sole connection between two unmarried, noncohabitating individuals is an unborn child. Petitioner’s only remedy in this matter is to apply to the criminal courts for protection and redress.
The court calls upon the Legislature to remedy this gap in article 8 and confer upon the Family Court jurisdiction to provide protection from domestic violence to pregnant women who find themselves in this situation.
There are many reasons why a woman who carries an unborn child conceived out of wedlock may not want to proceed in a criminal forum against the alleged father. Such a person may be reluctant to expose the alleged father to a criminal record or may want to use the conciliation alternatives available in Family Court. This is the type of proceeding that Family Court is so uniquely designed to deal with but unable to hear in the instant case because of lack of jurisdiction.
*461 Accordingly, the petition in this matter is reluctantly dismissed for lack of jurisdiction, but with the hope that the Legislature will act quickly to close this gap in article 8 and extend its protection and remedies to this class of women.